# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 20-0457** (Taylor County 18-F-17)

**John Michael Hess,**
**Defendant Below, Petitioner**

# MEMORANDUM DECISION

Petitioner John Michael Hess, by counsel Andrew Tyler Reseter, appeals the Circuit Court of Taylor County's pre- and post-trial rulings regarding the admissibility of photographs of the victim following her murder. Respondent the State of West Virginia, by counsel Patrick Morrisey and William E. Longwell, filed a response in support of the circuit court's orders.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 31, 2017, petitioner fatally shot his wife, Abigail R. Hess ("the victim"), with a shotgun. He was indicted on a charge of first-degree murder in January of 2018.[1] Petitioner moved to exclude all photographs displaying any part of the victim's body, asserting that "several of the photographs are hideous, ghastly, horrible, *and* dreadful, and they would offend and inflame a jury," but the circuit court denied that request. Petitioner filed a renewed motion to exclude those photographs, but that motion was also denied. At the December of 2019 trial, petitioner admitted that he shot the victim but denied that there was premeditation or deliberation, asserting that his diminished capacity and delusional belief that the victim was having an affair led to the shooting. During trial, the State introduced evidence that petitioner loaded his shotgun two to three hours before the victim came home and placed that gun in their bedroom closet. After she went to bed,

---

[1] Petitioner underwent several examinations to determine his criminal responsibility and competency following his arrest. At the conclusion of the third evaluation, Dr. David A. Clayman concluded that "[r]ather than diminished capacity, it appears that it would be more appropriate to have the trier of fact determine whether his explanations are supported by the evidence."

petitioner went to the closet, retrieved the gun, went to the bed, and stuck the gun in the victim's face. Thereafter, he turned off the safety and pulled the trigger. At the conclusion of the trial, the jury convicted petitioner of first-degree murder; the jury did not recommend mercy. By order entered on March 10, 2020, petitioner was sentenced to life imprisonment without the possibility of parole.

On March 23, 2020, petitioner filed a post-trial motion for a new trial.[2] Petitioner's counsel argued that petitioner was entitled to a new trial based upon the admission of certain photographs, which, he argued, should not have been admitted because they were irrelevant as to the element of premeditation and that, even if the court would find the photographs relevant, they were more prejudicial than probative. The State, however, argued that the photographs were relevant to malice, premeditation, and accident if petitioner would change his mind as to the defense theory in the days leading up to the trial. It further asserted that autopsy photographs, by their very nature, are not pleasant and that only one head shot, out of several taken, was offered into evidence. The State contended that it did not know what the jury considered once inside the jury room or whether the jury even viewed the photographs. In rebuttal, petitioner's counsel argued that the jury is presumed to have viewed the photographs and again argued relevancy with regard to premeditation.[3]

In ruling on the motion for a new trial on these grounds, the circuit court noted that it considered both issues during a February 13, 2020, pretrial hearing. It relied upon its earlier rulings on both issues and denied petitioner's motion for a new trial by order entered on June 2, 2020. Petitioner appeals from the circuit court's initial denial of his motion to exclude the photographs of the victim and the June 2, 2020, order denying his post-trial motion for a new trial based upon the admission of those photographs.

On appeal, petitioner sets forth a single assignment of error: The trial court erred to the prejudice of petitioner, under a standard of clear abuse of discretion, by overruling his pre-trial motions to exclude prejudicial photographs and his post-trial motion for a new trial based on those prejudicial photographs. As this Court has found, "[i]t is well settled that a trial court's rulings on the admissibility of evidence, 'including those affecting constitutional rights, are reviewed under an abuse of discretion standard.'" *State v. Kaufman*, 227 W. Va. 537, 548, 711 S.E.2d 607, 618 (2011) (citing *State v. Marple*, 197 W.Va. 47, 51, 475 S.E.2d 47, 51 (1996)). Further,

> Rule 401 of the West Virginia Rules of Evidence requires the trial court to determine the relevancy of the exhibit on the basis of whether the photograph is probative as to a fact of consequence in the case. The trial court then must consider

---

[2] During the hearing on that motion, petitioner's counsel informed the circuit court that he was withdrawing the request for a new trial based on a sufficiency of the evidence argument. He did, however, argue that petitioner was entitled to a new trial based on the claim that the circuit court denied petitioner due process by denying petitioner's request for a continuance so that an additional psychological evaluation could be performed. Petitioner does not appeal the denial of that motion.

[3] Prior to jury deliberations, the photographs had not been published to the jury.

whether the probative value of the exhibit is substantially outweighed by the counterfactors listed in Rule 403 of the West Virginia Rules of Evidence. As to the balancing under Rule 403, the trial court enjoys broad discretion. The Rule 403 balancing test is essentially a matter of trial conduct, and the trial court's discretion will not be overturned absent a showing of clear abuse.

Syl. Pt. 10, *State v. Derr*, 192 W. Va. 165, 451 S.E.2d 731 (1994).[4] With regard to the denial of petitioner's motion for a new trial and judgment of acquittal, we have held:

In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 3, *State v. Vance*, 207 W. Va. 640, 535 S.E.2d 484 (2000).

In support of his assignment of error, petitioner contends that the circuit court's admission of the photographs was based upon the presumption that petitioner would argue at trial that the shooting was an accident. However, this claim is not borne out by the record. Following the pretrial hearing, petitioner filed a renewed motion in limine to exclude prejudicial photographs. Petitioner argues that the State failed to offer an explanation or compelling reason as to how the photograph of the victim's face was, in fact, probative as to malice, premeditation, or any other state of mind. However, the circuit court denied petitioner's renewed motion, stating that it

previously ruled that the probative value of the admitted photographs outweighs their prejudicial effect. The photographs in question are relevant to more issues than just whether the incident was an accident, such as [petitioner's] state of mind at the time, which has been put at issue by statements made to Dr. Adamski and to Dr. Baker[, who both evaluated petitioner's competency and criminal responsibility].

At trial, the medical examiner, Dr. C. Metin Savasman, testified as to the manner in which the victim was killed, including that the cause of death was a "shotgun wound to the left [side of her] face. But I described very precisely the other injuries, and it is also written in the final report that presumably hand injuries happened before the face." During Dr. Savasman's testimony, the State moved to introduce the close-up autopsy photograph of the victim's face, and the circuit court admitted the photograph (Exhibit 2) over petitioner's objection, stating "over the rulings that

---

[4] Rule 401 of the West Virginia Rules of Evidence provides: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Rule 403 of the West Virginia Rules of Evidence provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

we had at a previous hearing I'm going to admit the photograph. And the objections will be standing in nature."

When Sarah Bittenbender, the sister of the victim, testified, she identified the victim from the photograph, but the circuit court did not allow the State to publish it to the jury at that time. In addition, Sheriff Terry Austin testified regarding the crime scene and photographs of the victim, telling the jury that that was the victim "with the left side of her face gone, and the injuries also to her hands in the position we found her [in] after the pillow had been removed." Petitioner asserts that, based on these witnesses' testimony and the introduction of petitioner's video-taped confession, the photographs of the body were needlessly cumulative. Petitioner further argues that the photographs at issue, without an explanation, are not probative of petitioner's state of mind. Therefore, he asserts, the circuit court erred by admitting them. Finally, he contends that because the photos were not relevant under Rule 401 and were more prejudicial than probative under Rule 403, admission of the photographs was prejudicial error under a standard of clear abuse.

Applying our standards set forth above, we find that the circuit court did not clearly abuse its discretion in determining that the photographs at issue were more probative than prejudicial, particularly because they were not published at any point during the trial and were only available to the jury, if the jury determined it needed to view them. Further, there is no evidence available to this Court to determine whether the jury even considered the photographs. The State points out that petitioner was charged with murdering the victim with the use of a firearm and one of the photographs shows how the victim's body was found at the crime scene (Exhibit 9). The remaining four photographs (one from the crime scene and three from the autopsy) show that the victim was shot by a firearm at close range. The State argues that, collectively, they show the extent and type of those injuries so the liberal relevancy standard is easily satisfied. It asserts that "[s]imply put, photographs showing the victim's injuries from a firearm wound are relevant when the person on trial is accused of murdering the victim with a firearm."

The State correctly asserts that the admission of a photograph over a "gruesome" objection is essentially a two-step process:

> The trial court should determine whether the photograph is relevant under Rule 401, which is to say "whether the photograph is probative as to a fact of consequence in this case." The trial court must " . . . consider whether the probative value of the exhibit is substantially outweighed by the counterfactors listed in Rule 403 of the West Virginia Rules of Evidence." Syl. Pt. 6, in part, [*State v.*] *Greenfield*, 237 W. Va. [773], 791 S.E.2d 403 [(2016)] . . . .

Further, a trial court's ruling under Rule 403 is given substantial deference by this Court on appeal. *Derr*, 192 W. Va. at 168, 451 S.E.2d at 734, Syl. Pt. 10. As this Court recognized in *Derr*, "[t]he average juror is well able to stomach the unpleasantness of exposure to the facts of a murder without being unduly influenced. . . . [G]ruesome or inflammatory pictures exist more in the imagination of judges and lawyers than in reality." *Id.* at 177 n.12, 451 S.E.2d at 743 n.12. Thus, the State argues that it is manifestly apparent that the five photos at issue were properly admitted at trial, particularly under the deferential standard of review afforded by this Court to trial courts.

With regard to Exhibits 9 and 10, the crime scene photographs, "it is within the discretion of a trial judge to admit photographs depicting trails of blood and the body of a shooting victim." *State v. Richardson*, 240 W. Va. 310, 321 n.15, 811 S.E.2d 260, 271 n.15 (2018). We find that the circuit court's decision to admit photographs showing the victim's body was within its discretion. In addition, Exhibit 9 shows the victim's body lying in the bed in which she was murdered; her face is covered and her wounds are not visible. As set forth by the State, the photograph is relevant to show where the victim's body was found and how the murder occurred—she was killed in her bed, which demonstrates that petitioner waited until the victim was in a position of rest. It is also highly probative as to whether petitioner acted with premeditation, and it corroborates additional evidence introduced by the State, particularly that petitioner loaded a shotgun and hid it in their bedroom closet before the victim went to bed, facts which suggest premeditation. The inference of premeditation may be based upon circumstantial evidence. Syl. Pt. 2, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995). The State contends that because this evidence went to the heart of the factual dispute at issue, it was highly probative and the lower court correctly determined that any prejudicial effect on the gruesomeness of the photograph did not substantially outweigh the probative value. *See State v. Copen*, 211 W. Va. 501, 505, 566 S.E.2d 638, 642 (2002). The State asserts that the circuit court's ruling was correct as a matter of law and, based upon the facts of the case, should be affirmed. We agree. This Court has reviewed all of the photographs, and do not find that their prejudicial impact outweighed their probative value. Consequently, we do not find that the trial court abused its discretion by admitting the photographs.

In addition, even assuming, arguendo, that the admission of the photographs was erroneous, we find that their admission was harmless error based upon the overwhelming evidence that supports the jury's verdict, including petitioner's video-taped confession.[5] Based upon the foregoing, we affirm.

Affirmed.

**ISSUED:** January 12, 2022

---

[5] As this Court recently affirmed in *State v. Costello*, 245 W. Va. 19, --, 857 S.E.2d 51, 59 (2021) (quoting *State v. Guthrie*, 194 W. Va. 657, 684, 461 S.E.2d 163, 190 (1995)),

[w]hen analyzing trial errors, this Court generally views them in two subcategories: (1) evidence introduced by the State which is claimed inadmissible; and (2) evidence offered by the defendant but rejected at trial.

When dealing with the wrongful admission of evidence, we have stated that the appropriate test for harmlessness articulated by this Court is whether we can say with fair assurance, after stripping the erroneous evidence from the whole, that the remaining evidence was independently sufficient to support the verdict and the jury was not substantially swayed by the error.

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton